**Electronically Filed
Intermediate Court of Appeals
29033
10-NOV-2010
07:53 AM**

NO. 29033

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


IN THE MATTER OF ASSOCIATION OF APARTMENT OWNERS OF
THE PALMS AT WAILEA-PHASE 2, Petitioner-Appellant/Appellee,
vs. DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS,
Appellee/Appellee and THE PALMS AT WAILEA, #3603, A
California Limited Liability Partnership,
Respondent-Appellee/Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 06-1-0449(3))


SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Foley and Leonard, JJ.)

This appeal arises from a decision of the Condominium
Dispute Resolution Program of the Department of Commerce and
Consumer Affairs (**"DCCA"**).  Appellant/Respondent-Appellee Palms
at Wailea, #3603, L.L.P. (**"Partnership"**) appeals from the Circuit
Court of the Second Circuit's (**Circuit Court**) December 14, 2007
Judgment on Appeal reversing the DCCA's October 25, 2006 "Order
Granting in Part and Denying in Part Respondent The Palms at
Wailea, #3603's Motion for Summary Judgment" and remanding the
case for further proceedings.[1]  The DCCA's order arose from a
Request for Hearing, submitted by Appellee/Petitioner-Appellant
Association of Apartment Owners of the Palms at Wailea

_____

[1]      The Honorable Joseph E. Cardoza presided.

("**Association**"), seeking an injunction of the Partnership's alleged timesharing and short-term rental activities.

This appeal arises from the Partnership's alleged timeshare and short-term rental arrangement at unit 3603 of The Palms at Wailea in contravention of a restrictive covenant prohibiting such arrangements. The Association operates The Palms at Wailea, a condominium project located in Wailea, Maui. The Palms, including unit 3603, are subject to the Declaration of Condominium Property Regime ("**Covenant**") restricting their use to permanent or temporary residential purposes and prohibiting timeshare arrangements and short-term rentals. The Covenant originally defined timeshare arrangements in accordance with Hawaii Revised Statutes (**HRS**) § 514E (2001). As discussed below, the Association later broadened that definition. The Association's bylaws also require that the apartments "shall be used only for their respective purposes as set forth in the Declaration and for no other purpose."

In 1997, the Association contacted the owners of unit 3603 and requested that they cease operating as a timeshare arrangement in violation of the Covenant. Shortly thereafter, the owners entered into a Limited Liability Partnership Agreement and conveyed unit 3603 to the Partnership by deed dated March 23, 1998. The Partnership notified the Association that its use of the apartment would not constitute a timeshare arrangement under HRS § 514E-1, and submitted a notarized declaration to that effect.

At the time of the conveyance, the Partnership consisted of sixteen partners. The Partnership Agreement provides that the partners will meet annually to "create a schedule of use [for the apartment] for the next calendar year." At the meeting, "[t]he parties shall agree to an agreeable use, and the Secretary/Treasurer shall record the results thereof." The Agreement requires that any subsequent changes to the

schedule must be made at least ten days in advance and submitted to the Secretary/Treasurer.

The Covenant was amended in 2005 to clarify and expand the definition of timeshare arrangements. The amendment provides, in pertinent part:

> 8.    PURPOSES AND RESTRICTIONS AS TO USE.
>
>    (a)    THE RESIDENTIAL APARTMENTS SHALL BE OCCUPIED AND USED ONLY FOR PERMANENT OR TEMPORARY RESIDENTIAL PURPOSES, AND SUCH USE SHALL BE SUBJECT TO THE ZONING ORDINANCES OF THE COUNTY OF MAUI (WHICH AS OF THE DATE HEREOF REQUIRES "LONG TERM RESIDENTIAL USE" WHICH IS DEFINED IN SUCH ORDINANCE AS OCCUPANCY BY EITHER THE APARTMENT OWNER OR HIS LESSEE FOR A TERM OF SIX (6) MONTHS OR MORE). DEVELOPER HAS ENTERED INTO A CERTIFICATION OF LONG TERM RESIDENTIAL USE WHICH IS BINDING ON ALL APARTMENT OWNERS. A COPY OF SUCH CERTIFICATION IS ATTACHED AS EXHIBIT "1" HERETO.
>
>    In addition to the foregoing restrictions as to use, the residential apartments shall not be rented for transient or hotel purposes, which are defined as (a) rental for any period less than thirty (30) days, or (b) any rental in which the occupants of the residential apartment are provided customary hotel services such as room service for food and beverage, maid service, laundry and linen or bellboy service. The residential apartments in the Project or any interest therein shall not be sold, transferred, conveyed, leased, occupied, rented or used for or in connection with any time-sharing purpose or under any time-sharing plan, arrangement or program, including without limitation any so-called "vacation licence," "travel club or other membership," or "time-interval ownership" arrangement. The term "time-sharing" as used herein shall be deemed to include, but shall not be limited to, any plan, program or arrangement under which the right to use, occupy, own, lease or possess an apartment or apartments in the Project rotates among various persons on a periodically recurring basis according to a fixed or floating interval or period of time, whether by way of deed, lease, association or club membership, license, beneficial interest under a Hawaii Land Trust, rental or use agreement, co-tenancy agreement, partnership agreement, or otherwise.

(Emphasis added.)

On July 28, 2006, the Association filed a Request for Hearing with the DCCA, alleging that the Partnership was engaging in timeshare and short-term rental arrangements in violation of the Covenant and bylaws. The Association initially maintained that the prohibited use had been occurring "[s]ince approximately September 1997" and "is continuing to this day." The Association

3

later clarified that its claim was based on the use of premises in 2006.

The Partnership filed a Motion for Summary Judgment on September 5, 2006, arguing that the Association's claims were time-barred. It further requested summary judgment, ostensibly on the grounds that the Association failed to state a claim and there was "no triable issue of fact." The DCCA held a hearing on the motion on September 11, 2006.

By letter dated September 27, 2006, the DCCA informed the parties of its decision to grant the Partnership's motion. It stated, in pertinent part:

> After reviewing and considering the evidence and arguments presented, I have decided to grant Respondent's Motion for Summary Judgment on the basis that Petitioner's claims are time barred. Petitioner did not demonstrate specific facts that present a genuine issue worthy of trial and therefore Respondent is entitled to summary judgment as a matter of law. The remaining arguments raised in Respondent's Motion need not be addressed. However, as a matter of jurisdiction, which the Hearings Officer can raise *sua sponte*, HRS § 514B-161 only allows the Hearings Officer to interpret, apply or enforce "this chapter" which is Chapter 514B. Accordingly, the Hearings Officer does not have jurisdiction to interpret, apply or enforce HRS Chapter 514E or the Maui County Ordinances.

The DCCA issued its "Order Granting in Part and Denying in Part Respondent the Palms at Wailea, # 3603's Motion for Summary Judgment" on October 25, 2006. The order stated, in part:

> IT IS ORDERED that Respondent's Motion for Summary Judgment be and the same is hereby GRANTED IN PART and DENIED IN PART as follows:
>
> A. Petitioner's claims are barred by the applicable statute of limitations;
>
> B. Under HRS Section 514B-161, the Administrative Hearings Officer only has authority to interpret, enforce and apply HRS, Chapter 514B. Therefore, the Administrative Hearings Officer does not have jurisdiction to hear Petitioner's claims because they require the Administrative Hearings Officer to interpret, enforce, and apply HRS, Chapter 514E and Maui County Ordinances.
>
> C. As a matter of law, Respondent is entitled to judgment in its favor and against Petitioner; and,

D.  Respondent's request for attorney's fees and costs is denied.

On appeal, the Circuit Court determined that the Association's claims were not time-barred by the applicable statute of limitations.  It further concluded that the DCCA failed to apply the appropriate standards for granting summary judgment under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 56(e).  In addition, it determined that the Association's claims were within the DCCA's jurisdiction.[2/]  The Circuit Court therefore reversed the DCCA's October 25, 2006 order and remanded the case for further proceedings.

The Partnership filed a timely notice of appeal on February 26, 2008.

On appeal, the Partnership raises three points of error:  (1) the Circuit Court erred in concluding that the Association's claims were not time-barred pursuant to the statute of limitations, HRS § 657-1(4) (1993); (2)  the Circuit Court erred in determining that the DCCA should have applied the requirements of HRCP Rule 56(e); and (3) the Circuit Court erred in ruling that a breach of contract can be continuous and that the case should be remanded to the DCCA for further proceedings.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Partnership's points of error as follows:

(1)  The Partnership contends that the Association's claim for injunctive relief was time-barred by the statute of limitations under HRS § 657-1.  The Partnership argues that because the Covenant prohibiting timeshare arrangements was breached in 1997, and its partnership arrangement – alleged by

---

[2/]    On appeal, the Partnership does not challenge the portion of the Circuit Court's order regarding the propriety of the DCCA's jurisdiction.

Association to be a timeshare arrangement – has not changed since that time, the statute of limitations began running at that time.

Where a contract imposes a future duty, the statute of limitations does not begin running until the breach actually occurs. Au v. Au, 63 Hawai'i 210, 219, 626 P.2d 173, 180 (1981). Similarly, where a covenant imposes an ongoing obligation, a new and separate violation occurs each time the obligor breaches the covenant. Thus, the statute of limitations begins running anew for each successive breach. See, e.g., Barker v. Jeremiasen, 676 P.2d 1259, 1261-62 (Colo. App. 1984) (covenant "imposed a continuing obligation upon the defendants" to refrain from prohibited uses; court held that the statute of limitations did not bar the action because the defendants' continuing operation of the farm resulted in "repeated and successive breaches"); Fla. Mun. Power Agency v. Fla. Power and Light Co., 81 F. Supp. 2d 1313, 1321 (M.D. Fla. 1999) (holding that for a long-term continuing contract, each successive breach begins the statute of limitations anew); Diefenthal v. Longue Vue Mgmt. Corp., 561 So.2d 44, 48-49, 55 (La. 1990) (continuing covenant prohibiting commercial use of property was not time-barred, given continuous nature of the covenant violations); Kaliopulus v. Lumm, 141 A. 440, 445 (Md. 1928).

Here, the Partnership's alleged use violation cannot simply be considered a single breach from the inception of the Partnership Agreement. The Covenant imposes a continuing obligation on the Partnership to refrain from using its apartment for timeshare purposes or short-term rentals. Each time the Partnership uses the apartment in violation of the Covenant, it commits a new and separate breach. The Association's claim for injunctive relief was based on continuing violations and, therefore, was within the applicable statute of limitations.

(2 & 3) The Circuit Court concluded that the DCCA erred in failing to apply the evidentiary requirements of HRCP

6

Rule 56(e) to the Partnership's Motion for Summary Judgment. The Partnership contends that HRCP Rule 56(e) is not applicable in administrative proceedings because the administrative rules provide for motions and attendant evidentiary standards. Although we agree with the Partnership's assertion that HRCP Rule 56 is not binding on the agency, we agree with the Circuit Court's conclusion that the DCCA erred in granting summary judgment in favor of the Partnership.

Chapter 16-201 of the Hawai'i Administrative Rules (**HAR**) governs hearings before the DCCA. HRS § 514A-121.5(g) (2007). The Administrative Rules do not specifically provide for disposition by summary judgment. They do, however, provide for the submission of motions and set forth evidentiary standards. HAR §§ 16-201-16, 16-201-21 (1990). A party may move for "any relief or order" in writing or at a hearing. HAR § 16-201-16(a). "Motions referring to facts not of record shall be supported by affidavits." HAR § 16-201-16(b). Admissibility of evidence in proceedings before the DCCA is not governed by the rules of evidence, and "all relevant oral or documentary evidence shall be admitted if it is the sort of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs." HAR § 16-201-21.

Whenever Chapter 16-201 is silent on a matter, the hearings officer "<u>may</u> refer to the Hawaii Rules of Civil Procedure <u>for guidance</u>." HAR § 16-201-1 (1990) (emphasis added). The Rules of Civil Procedure are therefore not binding in such proceedings. Thus, the DCCA was not required to apply the requirements of HRCP Rule 56(e) in considering the Partnership's motion for summary judgment.

However, as it appears that the DCCA erroneously dismissed the Association's claim for injunctive relief from allegedly ongoing violations of the Covenant, we conclude that

7

the Circuit Court did not err in vacating the DCCA's order and remanding the matter for further proceedings.

For these reasons, we affirm the Circuit Court's December 14, 2007 Judgment on Appeal.

Honolulu, Hawaiʻi, November 10, 2010.

On the briefs:

Dennis Niles
William M. McKeon
Shannon S. Imlay
(Paul Johnson Park & Niles)
for Respondent-Appellee/Appellant

John A. Morris
Russell H. Ando
Gwenaelle Bratton
(Ekimoto & Morris)
for Petitioner-Appellant/Appellee

Chief Judge

Associate Judge

Associate Judge